UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mikle Anthony Butler, ) | Criminal No.: 4:17-cr-00468-RBH-1 |
| ) | Civil Action No.: 4:19-cv-00849-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Mikle Anthony Butler's ("Petitioner") *pro se* [ECF No. 91] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the government's [ECF No. 108] motion for summary judgment. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice

**Procedural History and Factual Background**

Petitioner was indicted on May 23, 2017, in a one count indictment for violations of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). [ECF No. 2].

On February 14, 2018, Petitioner entered a guilty plea to count one of the indictment without a written plea agreement.

A presentence investigation report ("PSR") dated March 28, 2018, was prepared by the U.S. Probation Office. The PSR found that Petitioner's advisory guideline range was 92 to 115 months, based on a total offense level of 23 and criminal history category of VI.

On May 17, 2018, Petitioner was sentenced to 92 months in prison. Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals on May 21, 2018. The conviction

and sentence were affirmed in an opinion dated January 23, 2019. The mandate and judgment were entered on March 20, 2019.

Petitioner filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 on March 20, 2019. [ECF No. 91]. The government filed a response to Petitioner's motion to vacate and a motion for summary judgment on June 6, 2019. [ECF No. 108]. Petitioner filed a response to the government's motion for summary judgment on July 8, 2019.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417

2

U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255.

3

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. In the context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of*

4

*South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## Analysis

### Ground One

In ground one, Petitioner alleges ineffective assistance of counsel with respect to his guilty plea, sentencing, and appeal.

With respect to his guilty plea, Petitioner alleges generally that: 1) counsel failed to adequately explain legal issues; 2) counsel provided false information regarding the plea agreement; 3) counsel failed to meet with Petitioner a sufficient number of times; 4) counsel instructed Petitioner to lie during the plea colloquy so the Court would accept the guilty plea; 5) counsel failed to review the indictment with Petitioner; 6) counsel failed to advise or warn Petitioner that his prior assault and battery convictions could be used to enhance Petitioner's sentence; 7) counsel failed to review discovery with Petitioner; 8) counsel failed to file a motion to suppress; 9) counsel failed to file a motion challenging the indictment; 10) counsel misled Petitioner to believe that he would receive a plea agreement after he pled guilty; 11) counsel coerced Petitioner into pleading guilty;

5

and 12) counsel failed to adequately explain the plea. Petitioner's claims, however, are directly contradicted by his sworn statements at his guilty plea hearing.

At the guilty plea hearing, Petitioner testified, under oath, that he was satisfied with the manner in which his attorney advised and represented him and that he met with his attorney for as often and as long as he felt it was necessary. [Guilty Plea Tr., ECF No. 103 at 10]. Petitioner testified that his attorney did everything she should have or could have done and that she did not fail to do anything that he had asked her to do. *Id*. at 11. Petitioner affirmed that he was completely satisfied with his attorney's services. *Id*. at 11-12. Petitioner acknowledged that he and his lawyer had discussed the advisory sentencing guidelines and how they might apply to his case. *Id*. at 12. Petitioner indicated that he understood that the sentence the Court imposed could be different from any estimate that counsel provided him. *Id*. at 12-13. Petitioner acknowledged that counsel explained to him the charges, the possible punishments, and his constitutional rights. *Id*. at 20. Petitioner indicated that he understood that he was pleading guilty and he understood the rights he was giving up by pleading guilty. *Id*. at 15, 17-19. Petitioner stated that no one was forcing him to plead guilty, he was doing so freely and voluntarily, and that no one threatened or pressured him to plead guilty. *Id*. at 19-20. Petitioner also stated that he had received a copy of the indictment and reviewed it with his attorney. *Id*. at 20. The Court read the indictment and listed the elements of the offense. *Id*. at 21. Petitioner stated that he understood the charge and admitted to each element of the offense. *Id*. at 22. The Court asked if there was a plea agreement and the prosecutor said no. *Id*. at 24. The Court then asked Petitioner if he still wanted to plead guilty, to which Petitioner responded, "Yes, sir." *Id*.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"); *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-222.

In light of his sworn statements on the record during his guilty plea hearing, Petitioner's claims that counsel was ineffective with respect to the guilty plea are "palpably incredible" and "patently frivolous or false." Petitioner's claims that counsel failed to adequately explain legal issues, provided false information regarding the plea agreement, failed to meet with Petitioner a sufficient number of times, instructed Petitioner to lie during the plea colloquy, failed to review the indictment with Petitioner, failed to advise or warn Petitioner that his prior assault and battery convictions could be used to enhance Petitioner's sentence, failed to review discovery with Petitioner, failed to file a motion to suppress, failed to file a motion challenging the indictment, misled Petitioner to believe that he would receive a plea agreement after he pled guilty, coerced Petitioner into pleading guilty, and failed to adequately explain the plea are directly contradicted by his sworn statements on the record during his plea colloquy. Petitioner has failed to demonstrate that counsel's representation, with respect to the guilty plea, fell below an objective standard of reasonableness.

Additionally, in his motion to vacate, Petitioner admits that he pled guilty to the felon in possession of a firearm charge because the arresting officer's body camera clearly showed officers removing the gun from his pants pocket. *See* [Motion to Vacate, ECF No. 91-1 at 10]. As a consequence of Petitioner's admission in his sworn pleading, Petitioner cannot demonstrate a reasonable probability that, but for any alleged errors by counsel, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

Petitioner also asserts that his counsel was ineffective with regard to his sentencing. Petitioner alleges generally that counsel was ineffective by: 1) failing to move for a downward departure or variance; 2) failing to adequately convey his mental health status; 3) failing to

challenge his prior convictions, which were used to enhance his sentence; and 4) failing to have family members evaluated as witnesses to testify at sentencing.

As noted above, to succeed on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). *Strickland*, 466 U.S. at 687–88. The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues. *See id*. at 687–90. To establish prejudice at the sentencing stage, a defendant must show a "reasonable probability" that the outcome of the sentencing hearing would have been different but for his counsel's alleged error(s). *United States v. Carthorne*, 878 F.3d 458, 469 (4th Cir. 2017); *United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015).

First, as to Petitioner's allegation that counsel was ineffective for failing to move for a downward departure or variance, Petitioner cannot satisfy either prong of *Strickland*. Petitioner had an extensive criminal history. Petitioner's PSR contained over 120 prior criminal convictions. Given Petitioner's extensive criminal history, it was not objectively unreasonable for counsel to not request a below guideline sentence. Moreover, there is no prejudice because any request for a below guidelines sentence would have been flatly rejected by the Court. As the Court noted at sentencing, the undersigned considered giving Petitioner more time. [Sentencing Tr., ECF No. 77 at 16]. It was trial counsel's arguments in mitigation that convinced the Court to give Petitioner a sentence at the bottom of the applicable guideline range. Considering the § 3553(a) factors, his extensive criminal history, and the advisory guidelines in this case, the Court would not have given a below guideline sentence. Petitioner has failed to show a reasonable probability that the outcome of his sentencing

9

hearing would have been different had counsel requested a below guideline sentence. *See Carthorne*, 878 F.3d at 469.

Next, Petitioner argues generally that counsel was ineffective for failing to adequately convey his mental health status and recent diagnosis. The Court, however, was aware of Petitioner's mental health status and diagnosis. On July 28, 2017, Petitioner's first trial counsel, Assistant Federal Public Defender William Nettles, Esq., filed a Consent Motion for Psychiatric Evaluation. [ECF No. 35]. The Court granted the consent motion and ordered an examination to include: (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological and medical tests that were employed and their results; (3) the examiner(s) findings; (4) the examiner(s) opinion as to diagnosis, prognosis, whether the defendant is suffering from a mental disease defect such that the defendant was insane at the time of the offense charged, as defined in Title 18 U.S.C. §4242(a), and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. [ECF No. 36]. The evaluation period ran from August 21, 2017 through December 8, 2017. The Psychiatric Report, dated December 15, 2017, was reviewed by the Court, filed under seal, and noted during Petitioner's guilty plea hearing. [Psychiatric Report, ECF No. 41; Guilty Plea Tr., ECF No. 103 at 3-4, 9]. At sentencing, counsel argued the state system had failed Petitioner because he had never had a mental evaluation completed prior to the December 2017 evaluation, despite his more than 120 prior state court convictions. Further, at sentencing, the Court recommended that Petitioner be screened for mental health counseling and treatment. [Sentencing Tr., ECF No. 77 at 16]. In sum, the Court was aware of Petitioner's mental health issues. Counsel's performance, with respect to conveying Petitioner's mental health status, was not

10

objectively unreasonable and Petitioner has failed to show a reasonable probability that the outcome of his sentencing hearing would have been different had counsel further emphasized Petitioner's mental health history and diagnoses. *See Carthorne*, 878 F.3d at 469.

Petitioner further argues counsel was ineffective for failing to challenge his prior assault and battery, second degree convictions. These convictions were found to be crimes of violence and were used to determine Petitioner's base offense level. As noted in paragraph 120 of Petitioner's PSR, Petitioner's base offense level of "24" was determined pursuant to U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(2). Petitioner had two prior convictions for Assault and Battery, Second Degree that qualified as a crimes of violence. [PSR, ECF No. 66 at ¶¶ 95, 97, and 120]. As a result of these two prior convictions, Petitioner's base offense level was "24." Contrary to Petitioner's claim, the record shows that counsel objected to the classification of Petitioner's prior assault and battery, second degree convictions as crimes of violence. *See* [Sentencing Tr., ECF No. 76 at 2-17; Sentencing Tr., ECF No. 77 at 2-5]. Counsel argued that Petitioner's prior convictions for assault and battery, second degree were not crimes of violence and Petitioner's base offense level should be "14," not "24." *See* [Sentencing Tr., ECF No. 76 at 2-3]. The Court overruled counsel's objection and found that Petitioner's prior convictions for assault and battery, second degree were crimes of violence under the sentencing guidelines. [Sentencing Tr., ECF No. 77 at 2-5]. Because counsel objected to the determination that Petitioner's prior convictions for assault and battery, second degree were crimes of violence, Petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness. Petitioner has

11

also failed to show a reasonable probability that any further objections to the prior assault and battery convictions would have changed the outcome of the sentencing hearing.[1] *See Carthorne*, 878 F.3d at 469.

Petitioner also claims that counsel was ineffective for failing to have family members evaluated as witnesses to testify at sentencing. Petitioner states "my lawyer also failed to have my immediate family members evaluated as witnesses to my condition in which they would ha[ve] explained to her the sorrow and devastation of their hearts when they became aware that I was wandering around a public mall in such condition." [Motion to Vacate, ECF No. 91-1 at 7]. Petitioner, however, has failed to demonstrate that testimony from his family members would have changed the result of his sentencing hearing. *See Carthorne*, 878 F.3d at 469.

Finally, Petitioner argues his counsel was ineffective with respect to his appeal. Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000), and the Court must accord counsel the presumption that he/she decided which issues were most likely to afford relief on appeal. *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Lawrence*, 517 F.3d at 709. Petitioner alleges counsel was ineffective for failing to appeal the

---

[1] To the extent Petitioner argues that counsel should have cross-examined parties or witnesses to the prior assault and battery convictions, those claims fail because Petitioner cannot collaterally attack his prior state court convictions in a federal sentencing proceeding. *Custis v. United States*, 511 U.S. 485, 494-497 (1994); *United States v. Bacon*, 94 F.3d 158, 163 (4th Cir. 1996) (stating "a federal sentencing court is an improper forum for airing a defendant's grievances concerning a prior conviction"). Moreover, Petitioner has failed to demonstrate any prejudice, and any alleged failure by counsel to cross-examine parties or call witnesses to the prior assault and battery convictions was not objectively unreasonable.

Court's determination that his prior convictions for assault and battery, second degree were crimes of violence under the guidelines. Petitioner also alleges that counsel was ineffective for failing to appeal the sentence. Counsel was not ineffective, however, because the record indicates that counsel generally appealed the issues Petitioner raises here. Specifically, on appeal, counsel challenged the procedural reasonableness of Petitioner's sentence, arguing that the district court erred in: (1) enhancing his base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) after classifying his prior state offenses as predicate crimes of violence; and (2) failing to adequately address Petitioner's arguments for leniency in explaining the basis for his sentence. *United States v. Butler*, 760 Fed, Appx. 194, 195 (4th Cir. 2019) (unpublished). The Fourth Circuit rejected counsel's arguments and affirmed the Court's judgment. *Butler*, 760 Fed. Appx. at 198. Petitioner has failed to demonstrate that counsel's performance on appeal fell below an objective standard of reasonableness or that he was prejudiced as a result of counsel's performance.

The Court has thoroughly reviewed each of Petitioner's pro se filings in this matter and notes that Petitioner has made many allegations of ineffective assistance of counsel in this case, none of which merit relief. Any claim of ineffective assistance of counsel not specifically addressed above lacks merit and is denied. The Court specifically finds that Petitioner has failed to demonstrate that counsel's performance was objectively unreasonable with respect to all of his claims of ineffective assistance of counsel. Additionally, as to each claim of ineffective assistance of counsel, Petitioner has failed to demonstrate any prejudice as a result of the alleged ineffective assistance of counsel. Petitioner is not entitled to relief on ground one of his motion to vacate.

**Ground Two**

In ground two, Petitioner asserts that he is actually innocent of both the felon in possession of a firearm charge to which he pled guilty in this Court and the two prior state court convictions for assault and battery, second degree.[2]

Petitioner argues that he is actually innocent of the felon in possession of a firearm charge that he pled guilty to in this Court on February 14, 2018. "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Jones*, 758 F.3d at 583. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 624 (1998). Petitioner cannot meet the standard for an actual innocence claim especially in light of his admission in his motion to vacate that "I only pled guilty to felon in possession of a firearm because the body camera of the arresting officer clearly shows officers removing the gun from my pants pocket." [Motion to Vacate, ECF NO. 91-1 at 10]. Petitioner has failed to show that it is more likely than not that no reasonable juror would have convicted him of the felon in possession of a firearm charge.

---

[2] It appears to be an open question whether federal habeas relief is available on freestanding claims of "actual innocence" in the absence of an independent constitutional violation. *See Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 71 (2009) ("Whether [a federal constitutional right to be released upon proof of 'actual innocence'] exists is an open question. We have struggled with it over the years, in some cases assuming, arguendo, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet"). Assuming arguendo that such a right exists, Petitioner's claim of actual innocence fails.

Petitioner also appears to argue that he is "actually innocent" of his prior state court convictions for assault and battery, second degree. However, Petitioner cannot collaterally attack his prior state court convictions in these proceedings. *Daniels v. United States*, 532 U.S. 374, 375 (2001) (stating "[t]he defendant may not collaterally attack his prior [state court] conviction through a motion under § 2255, unless he claims that conviction was obtained in violation of the right to counsel and he raised that claim at his federal sentencing proceeding"); *Custis v. United States*, 511 U.S. 485, 494-497 (1994); *United States v. Bacon*, 94 F.3d 158, 163 (4th Cir. 1996) (stating "a federal sentencing court is an improper forum for airing a defendant's grievances concerning a prior conviction"). Even assuming Petitioner could collaterally attack his prior state court convictions in these proceedings, which he cannot, Petitioner has failed to show that he is "actually innocent" of the prior convictions for assault and battery, second degree.

To the extent Petitioner challenges the determination that Petitioner's prior state court convictions were not properly determined to be crimes of violence under the sentencing guidelines, that issue was raised on direct appeal and a petitioner cannot bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976).

For those reasons, Petitioner is not entitled to relief on ground two.

**Grounds Three and Four**

In ground three, Petitioner alleges his sentence is unconstitutional and/or illegal. In ground four, Petitioner alleges that his due process rights were violated. Petitioner is not entitled to relief on either ground three or four as neither have any merit.

Petitioner was indicted in a one count indictment for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) on May 23, 2017. [ECF No. 2]. Petitioner knowingly and voluntarily pled guilty to the indictment on February 14, 2018. [ECF No. 58]. The Court conducted a complete and thorough Rule 11 plea colloquy after finding Petitioner competent to proceed. [Guilty Plea Tr., ECF No. 103 at 10-26]. Petitioner admitted each element of the offense and admitted to the factual basis for the plea. *Id*. at 22, 25. The Court advised Petitioner of the statutory maximum penalty for the offense before Petitioner pled guilty. *Id*. at 23-24.

A presentence investigation report ("PSR") was prepared by the U.S. Probation Office. According to the PSR, Petitioner's guideline range was 92 to 115 months in prison followed by a 1 to 3 year term of supervised release. At sentencing, the Court adopted the PSR as its findings of fact and sentenced Petitioner to 92 months in prison followed by a 3 year term of supervised release. Petitioner's sentence was at the bottom of the applicable sentencing guideline range and far below the statutory maximum for the offense. The Court properly calculated Petitioner's guideline range, carefully considered the 18 U.S.C. § 3553(a) factors before imposing sentence, and adequately explained its reasons for the selected sentence. Petitioner has failed to establish that his sentence is unconstitutional or illegal or that his due process rights were violated. Accordingly, Petitioner is not entitled to relief on grounds three and four.

For the reasons stated above, Petitioner's motion to vacate is due to be dismissed.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies t the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is his standard by demonstrating that reasonable jurists would find that the court's assessment of debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

For the reasons stated above, the government's [ECF No. 108] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 91] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.[3]

The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

November 4, 2019           s/ R. Bryan Harwell
Florence, South Carolina      R. Bryan Harwell
                                             Chief United States District Judge

---

[3] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").